IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE STATE OF OREGON, THE STATE OF ARIZONA, THE STATE OF COLORADO, THE STATE OF CONNECTICUT, THE STATE OF DELAWARE, THE STATE OF ILLINOIS, THE STATE OF MAINE, THE STATE OF MINNESOTA, THE STATE OF NEVADA, THE STATE OF NEW MEXICO, THE STATE OF NEW YORK, and THE STATE OF VERMONT,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his capacity as President of the United States; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; UNITED STATES CUSTOMS AND BORDER PROTECTION; PETER R. FLORES, in his official capacity as Acting Commissioner for U.S. Customs and Border Protection; and THE UNITED STATES,<br><br>Defendants. | Case No.  1:25-cv-00077-GSK-TMR-JAR<br><br>PLAINTIFF STATES' BRIEF ON V.O.S. SELECTIONS' MOTION FOR SUMMARY JUDGMENT |

## INTRODUCTION

This Court issued an order inviting the Plaintiff States ("the States") in this case, *Oregon v. Trump* (No. 1:25-cv-00077), to file a brief setting forth their position on the Motion for Summary Judgment currently pending in *V.O.S. Selections, Inc. v. Trump* (No. 1:25-cv-00066).

The States agree with the plaintiffs in *V.O.S. Selections* that President Trump lacks legal authority to impose tariffs under the International Emergency Economic Powers Act (IEEPA). Although the plaintiffs in *V.O.S. Selections* raise broad constitutional arguments against President Trump's use of IEEPA, this Court can rule in their favor on the narrower ground that IEEPA simply does not authorize President Trump's broad use of tariffs. As the States explain in their Memorandum in support of their Motion for a Preliminary Injunction, *Oregon v. Trump*

Page 1 -   PLAINTIFF STATES' BRIEF ON V.O.S. SELECTIONS' MOTION FOR SUMMARY
            JUDGMENT – *Oregon, et al. v. Trump, et al.*

(No. 1:25-cv-00077), ECF No. 14 ("States' PI Memo"), IEEPA's text, context, and history do not authorize the President to impose the tariffs at issue. Moreover, even if IEEPA grants a President limited authority to impose some tariffs or duties, it does not grant authority to impose tariffs as sweeping as the ones at issue here. *Id.* For those reasons, this Court should grant summary judgment to the plaintiffs in *V.O.S. Selections*. USCIT Rule 56(a); *Avenues In Leather, Inc. v. United States*, 317 F.3d 1399, 1402 (Fed. Cir. 2003) (statutory construction "is a question of law").

## ARGUMENT

**A.     The text, context, and history of IEEPA do not show a clear intent to authorize the imposition of tariffs.**

To begin, the plain text of IEEPA does not specify the authority to impose tariffs. IEEPA provides that the President may "regulate … importation" to "deal with" an "unusual and extraordinary" threat. 50 U.S.C. §§ 1701(a), 1702(a)(1)(B). But the power to "regulate" a matter is not the same as the power to impose taxes, tariffs, or duties on the matter. The law routinely distinguishes between the power to create rules and the power to raise or collect revenue. *See, e.g.*, U.S. Const., Art. I, § 8, cls. 1, 3 (distinguishing the regulation of commerce from the collection of taxes or duties); 16 U.S.C. § 1540(f) (distinguishing between authority "to promulgate such regulations as may be appropriate to enforce" the Endangered Species Act and authority to "charge reasonable fees for expenses to the Government connected with [authorized] permits or certificates"); *see also Diginet, Inc. v. W. Union ATS, Inc.*, 958 F.2d 1388, 1399 (7th Cir. 1992) ("The legal power to regulate is not necessarily the legal power to tax.").

Similarly, the statutory context demonstrates that, if Congress intended to delegate its authority to impose taxes and tariffs in IEEPA, it would have used more specific wording. Congress has specifically authorized the President to impose or increase duties on imports in multiple statutes governing various trade issues. *See, e.g.*, 19 U.S.C. § 2253(a)(3)(A) (authorizing President to "proclaim an increase in, or the imposition of, any duty on the imported

Page 2 -   PLAINTIFF STATES' BRIEF ON V.O.S. SELECTIONS' MOTION FOR SUMMARY
            JUDGMENT – *Oregon, et al. v. Trump, et al.*

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

article"); 19 U.S.C. § 2411(c)(1)(B) (authorizing the Executive branch to "impose duties"). This Court should presume that, if Congress intended to authorize the President to impose tariffs in IEEPA, it would have used the same wording that it used to convey that authority in other statutes.

Likewise, the history of IEEPA shows that Congress intended to limit Presidential powers that had been exercised under the Trading with the Enemy Act (TWEA). *See* H.R. Rep. No. 95-459, at 2 (describing Presidential authorities in IEEPA as "somewhat more limited in scope" than Section 5(b) of TWEA, a predecessor statute). Indeed, Congress enacted IEEPA against the background of trying to limit uses of emergency economic powers that "would appear also to be beyond the authority of section 5(b) in TWEA. *Id.* at 5. Moreover, after President Nixon became the only President to use TWEA to temporarily impose duty surcharges on U.S. trading partners, Congress quickly enacted legislation to limit both the magnitude and duration of tariffs that a President could impose under similar circumstances. *See* 19 U.S.C. § 2132 (authorizing the President to proclaim a temporary import surcharge not to exceed 15 percent *ad valorem* for a period no longer than 150 days to "deal with large and serious United States balance-of-payment deficits"). IEEPA's history thus shows that Congress did not intend to authorize the President to impose unlimited tariffs on any U.S. trading partner in response to balance-of-trade problems.

At the very least, if Congress had intended that the President could wield the unprecedented power that President Trump claims to find in IEEPA, it would have expressed that intent clearly. *Utility Air Regulatory Group v. EPA*, 573 U.S. 302, 324 (2014); *see also Alabama Ass'n of Realtors v. Dept. of Health & Human Servs.*, 594 U.S. 758, 764 (2021) (noting that the "sheer scope" of claimed authority is a reason for caution in interpreting a Congressional delegation of authority). The absence of a clear intent to authorize the President to impose any tariff any time on any country shows why President Trump's reading of IEEPA cannot be right.

Page 3 -   PLAINTIFF STATES' BRIEF ON V.O.S. SELECTIONS' MOTION FOR SUMMARY
       JUDGMENT – *Oregon, et al. v. Trump, et al.*

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**B.    Even if IEEPA authorizes tariffs, the IEEPA executive orders do not satisfy IEEPA's requirements.**

IEEPA expressly limits the President to taking actions that "deal with" an "unusual" and "extraordinary" threat. President Trump's IEEPA executive orders do not satisfy either requirement.

First, in imposing tariffs worldwide, President Trump has not identified an "usual and extraordinary" threat. A persistent trade deficit—the purported justification for the worldwide tariffs—does not fit the bill. *See* Executive Order 14257, "Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits," 90 Fed. Reg. 15041 (Apr. 2, 2025). A trade deficit characterized as "persistent" cannot be unusual or extraordinary. Indeed, the U.S. has maintained a trade deficit for decades. (*See* States' PI Memo at 23.) The federal government's primary response is that the President's identification of an unusual and extraordinary threat is completely unreviewable. (*See* Defs.' Resp. in Opp'n to Mot. Prelim. Inj. & Summ. J. ("Defs.' Resp."), *V.O.S. Selections, Inc. v. Trump* (No. 1:25-cv-00066), ECF No. 32 at 32–36.) But this Court can review the statutory question of whether the executive orders satisfy IEEPA's requirement of an "unusual and extraordinary" threat. *See Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 (1986) ("[I]t goes without saying that interpreting congressional legislation is a recurring and accepted task for the federal courts.").

Second, the executive order does not "deal with" any of the purported threats identified by President Trump because none of them are reasonably related to those threats. *See United States v. Yoshida Int'l, Inc.*, 526 F.2d 560, 579 (C.C.P.A. 1975). Arbitrary tariff rates will not improve the trade deficit or expand the U.S. manufacturing base. (*See* States' PI Memo at 23–25.) Nor will they boost consumption or wages. (*See id.*) Again, in response, the federal government argues primarily that this Court may not review the President's exercise of discretion in choosing the means to "deal with" the allegedly unusual and extraordinary threat.

Page 4 -    PLAINTIFF STATES' BRIEF ON V.O.S. SELECTIONS' MOTION FOR SUMMARY JUDGMENT – *Oregon, et al. v. Trump, et al.*

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

(Defs.' Resp. at 35.) Yet *Yoshida* itself reviewed whether the chosen means bore "a reasonable relation to the particular emergency confronted." *Yoshida*, 526 F.2d at 579. This Court can review those same questions here.

As *Yoshida* made clear, "[t]he declaration of a national emergency is not a talisman enabling the President to rewrite the tariff schedules …." *Yoshida*, 526 F.2d at 583. Because the tariffs imposed under the executive orders lack a reasonable relationship to any "unusual and extraordinary" threat, they are unlawful and should be set aside.

Accordingly, the plaintiffs in *V.O.S. Selections* are entitled to summary judgment.

DATED: May 7, 2025

Respectfully submitted,

**DAN RAYFIELD**
Attorney General
State of Oregon

By: */s/ Brian Simmonds Marshall*
Benjamin Gutman
Solicitor General
Dustin Buehler
Special Counsel
Brian Simmonds Marshall
Christopher A. Perdue*
Leigh A. Salmon**
Nina R. Englander*
Senior Assistant Attorneys General
YoungWoo Joh
Alexander C. Jones*
Assistant Attorneys General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
Brian.S.Marshall@doj.oregon.gov
Chris.Perdue@doj.oregon.gov
Leigh.A.Salmon@doj.oregon.gov
Nina.Englander@doj.oregon.gov
YoungWoo.Joh@doj.oregon.gov
Alex.Jones@doj.oregon.gov

Attorneys for the State of Oregon

**KRISTIN K. MAYES**
Attorney General
State of Arizona

By: */s/ Syreeta A. Tyrell*
Joshua D. Bendor*
Solicitor General
Syreeta A. Tyrell*
Senior Litigation Counsel
2005 North Central Avenue
Phoenix, Arizona 85004
Phone: (602) 542-3333
Joshua.Bendor@azag.gov
Syreeta.Tyrell@azag.gov
ACL@azag.gov

Attorneys for the State of Arizona

Page 5 -    PLAINTIFF STATES' BRIEF ON V.O.S. SELECTIONS' MOTION FOR SUMMARY
              JUDGMENT – *Oregon, et al. v. Trump, et al.*

**PHILIP J. WEISER**
Attorney General
State of Colorado

By: */s/ Sarah H. Weiss*
Sarah H. Weiss
*Senior Assistant Attorney General*
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
Sarah.Weiss@coag.gov

Attorneys for the State of Colorado

**WILLIAM TONG**
Attorney General
State of Connecticut

By: */s/ Michael K. Skold*
Michael K. Skold
Solicitor General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Michael.skold@ct.gov

Attorneys for the State of Connecticut

**KATHLEEN JENNINGS**
Attorney General
State of Delaware

By: */s/ Ian R. Liston*
Ian R. Liston*
Director of Impact Litigation
Vanessa L. Kassab*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

Attorneys for the State of Delaware

**KEITH ELLISON**
Attorney General
State of Minnesota

By: */s/ Pete Farrell*
Peter J. Farrell*
Deputy Solicitor General
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 757-1424
Peter.Farrell@ag.state.mn.us

Attorneys for the State of Minnesota

**AARON D. FORD**
Attorney General
State of Nevada

By: */s/ Heidi Parry Stern*
Heidi Parry Stern*
Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
HStern@ag.nv.gov

Attorneys for the State of Nevada

**RAÚL TORREZ**
Attorney General
State of New Mexico

By: */s/ James W. Grayson*
James W. Grayson*
Chief Deputy Attorney General
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504-1508
(505) 490-4060
jgrayson@nmdoj.gov

Attorneys for the State of New Mexico

Page 6 -   PLAINTIFF STATES' BRIEF ON V.O.S. SELECTIONS' MOTION FOR SUMMARY
       JUDGMENT – *Oregon, et al. v. Trump, et al.*

**KWAME RAOUL**
Attorney General
State of Illinois

By: */s/ Gretchen Helfrich*
Cara Hendrickson**
Assistant Chief Deputy Attorney General
Gretchen Helfrich
Deputy Chief, Special Litigation Bureau
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, IL 60603
Tel. (312) 814-3000
Cara.Hendrickson@ilag.gov
Gretchen.helfrich@ilag.gov

Attorneys for the State of Illinois


**AARON M. FREY**
Attorney General
State of Maine

By: */s/ Vivian A. Mikhail*
Vivian A. Mikhail
Deputy Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8800
Vivian.mikhail@maine.gov

Attorneys for the State of Maine

* *Admission application forthcoming*

** *Admission application pending*


**LETITIA JAMES**
Attorney General
State of New York

By: */s/ Rabia Muqaddam*
Rabia Muqaddam
Special Counsel for Federal Initiatives
(929) 638-0447
Mark Ladov**
Special Counsel
Office: (212) 416-8240
Cell: (347) 814-9434
28 Liberty St.
New York, NY 10005
rabia.muqaddam@ag.ny.gov
mark.ladov@ag.ny.gov

Attorneys for the State of New York


**CHARITY R. CLARK**
Attorney General
State of Vermont

By: */s/ Ryan P. Kane*
Ryan P. Kane*
Deputy Solicitor General
109 State Street
Montpelier, VT 05609
(802) 828-2153
Ryan.kane@vermont.gov

Attorneys for the State of Vermont

Page 7 -   PLAINTIFF STATES' BRIEF ON V.O.S. SELECTIONS' MOTION FOR SUMMARY
JUDGMENT – *Oregon, et al. v. Trump, et al.*

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000