#### IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

Before The Honorable Gary S. Katzmann, Judge, The Honorable Timothy Reif, Judge, The Honorable Jane A. Restani, Judge

| | |
|---|---|
| THE STATE OF OREGON, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-00077 |

### MOTION OF 148 MEMBERS OF CONGRESS FOR LEAVE TO FILE *AMICUS CURIAE* BREIF IN SUPPORT OF PLAINTIFFS

Fred Norton
Nathan Walker
Josephine Petrick
Celine Purcell
Emily Kirk
Rebecca Kutlow
The Norton Law Firm PC
300 Frank Ogawa Plaza
Oakland, CA 94512
Telephone: 510-906-4900
fnorton@nortonlaw.com
nwalker@nortonlaw.com
jpatrick@nortonlaw.com
cpurcell@nortonlaw.com
ekirk@nortonlaw.com
rkutlow@nortonlaw.com

*Attorneys to Amici Curiae*

Jennifer Hillman (*application for admission pending*)
Georgetown University Law Center
600 New Jersey Ave NW
Washington, DC 20001
jennifer.hillman@law.georgetown.edu

Peter Harrell (*application for admission pending*)
Peter Harrell LLC
1102 St. Louis Place NE
Atlanta, GA 30306
harrell@peterharrelllaw.com

*Of Counsel*

Pursuant to Local Rules 7 and 76, 148 Members of Congress respectfully seek this Court's leave to file the attached *amicus curiae* brief in support of Plaintiffs' motion for preliminary injunction (Dkt. No. 14) converted into a motion for summary judgment by this Court (see Dkt. No. 18). The proposed *amicus curiae* brief is attached as **Exhibit A** and a proposed order granting this motion is attached as **Exhibit B**. This motion for leave to file the brief should be granted for the following reasons:

1. This Court has "broad discretion" to permit participation by third parties as *amici curiae*. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). The Court has permitted such participation where a third party has "unique information or perspective" that can contribute to the Court's understanding of the matter in question, *Jin v. Ministry of State Sec'y*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (internal quotation marks omitted), and "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011).

2. The proposed brief satisfies these standards. *Amici curiae* are elected Members of the U.S. House of Representatives representing districts around the country and include (1) Members of the House Committee on Ways and Means, which has had responsibility for tax and tariff matters since 1789, (2) Members of the House Committee on Foreign Affairs, which has responsibility for foreign affairs matters, including the exercise of the President's powers under the International Emergency Economic Powers Act (IEEPA), 50 U.S.C. §§ 1701 et seq., and (3) Members who serve on the House Committee on the Judiciary, which is concerned, *inter alia*, with protecting Congress's constitutional prerogatives and the faithful execution of the law.

3. *Amici* represent diverse districts and hold diverse positions on American trade policy. But Amici are united in their view that the President has usurped Congress's constitutional authority by using IEEPA to impose chaotic, across-the-board tariffs. Our Constitution grants Congress, not the President, the power to impose tariffs. The President may raise tariffs only pursuant to a lawful congressional delegation of Congress's Article 1, Section 8

power. IEEPA is not such a delegation, as the law's plain text and legislative history demonstrate. When the President wishes to impose tariffs, he must do so in accordance with the many lawful delegations of trade power that Congress has enacted over more than 50 years or, if existing authorities are insufficient, ask Congress to provide him with additional authorities.

4. Congress expressly delegated tariff powers to the President in other statutes. Those statutes provide the President with substantial powers to address unfair foreign trade practices, to protect U.S. national security, and to support U.S. manufacturers and American workers—the backbone of the American economy. But the President must pursue his trade policies in a lawful, orderly, and bounded manner. Instead, the President has unlawfully exceeded the authority conferred to him by Congress in a chaotic manner that is damaging to many of *Amici*'s constituents.

5. This brief is timely because it is submitted in support of Plaintiffs' motion for preliminary injunction, filed on May 7, 2025 (Dkt. No. 14), that was converted into a motion for summary judgment by this Court (see Dkt. No. 18). The Court ordered Plaintiffs to submit additional briefing by May 13, 2025 and for Defendants to file a response no later than May 16. Thus, Defendants will have ample time to respond to the arguments and information contained in the proposed *amicus curiae* brief.

6. Neither Counsel for Plaintiffs nor Counsel for Defendants oppose this motion.

For these reasons, proposed *Amici* respectfully request that the Court grant their motion for leave to file the proposed *amicus curiae* brief in support of Plaintiffs.

Respectfully submitted,

Date: May 12, 2025

    */s/ William Fred Norton*
William Fred Norton

The Norton Law Firm PC

2