IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE STATE OF OREGON, THE STATE OF ARIZONA, THE STATE OF COLORADO, THE STATE OF CONNECTICUT, THE STATE OF DELAWARE, THE STATE OF ILLINOIS, THE STATE OF MAINE, THE STATE OF MINNESOTA, THE STATE OF NEVADA, THE STATE OF NEW MEXICO, THE STATE OF NEW YORK, and THE STATE OF VERMONT,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his capacity as President of the United States; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; UNITED STATES CUSTOMS AND BORDER PROTECTION; PETER R. FLORES, in his official capacity as Acting Commissioner for U.S. Customs and Border Protection; and THE UNITED STATES,<br><br>Defendants. | Case No. 1:25-cv-00077-GSK-TMR-JAR<br><br>THIRD DECLARATION OF BRIAN SIMMONDS MARSHALL |

I, Brian Simmonds Marshall, declare under penalty of perjury as follows:

1. I am employed as an assistant attorney general with the Oregon Department of Justice. I represent the State of Oregon in this case. I previously executed two declarations in this case (ECF 14-3, ECF 32-2), which attached exhibits A–M to my declarations.

2. On May 29, 2025, before the U.S. Court of Appeals for the Federal Circuit issued its administrative stay of this Court's decision, National Economic Council Director Kevin Hassett was interviewed on Mornings With Maria on Fox Business, a recording of which is available by video at https://youtu.be/Z5-laLH84oU?si=w07U730F3U9uChQi. The States will

Page 1 -   THIRD DECLARATION OF BRIAN SIMMONDS MARSHALL – *Oregon, et al. v. Trump, et al.*

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ATTACHMENT 1, Page 1 of 10
to States' Response to Motion for a Stay
of Enforcement of Judgment Pending Appeal
US CIT No. 1:25-cv-00077-GSK-TMR-JAR

conventionally file a copy of this video on hard media and label the file Exhibit N to this declaration.

3. I personally reviewed Exhibit N and verify that this is an accurate transcription of 2:56–6:29:

> **Q:** Well, I mean, that's the thing. I mean the International Emergency Economic Powers Act of 1977 is what the courts are deeming to say, look, this does not, this does not equate to an emergency under this Act of 1977. I know that the lawyers for the Administration immediately appealed. But what do you want to say about this, right now, strike down of these global tariffs? What happens in the interim now, Kevin?
>
> **Kevin Hassett:** Well, what's going to happen is, first, we're going to see what happens on appeal, and we're very confident in our success there, because after all, hundreds and hundreds of thousands of Americans have died because of mostly Chinese fentanyl and Chinese fentanyl coming in from Mexico and Canada. And the idea that having more people die from fentanyl than died in the Vietnam War, and that's not an emergency—that we need to use every power that we have to try to address—is ludicrous to me. But the second thing is, the trade law is very complex, and this part of the trade law is the thing that was most accurately used, very precisely used, by USTR Trade Representative, Jamieson Greer, because this is the one that where we actually have the most authority for doing what we're exactly doing. But there are three or four other ways to do it, and we don't have to go into the numbers right now. I think everybody will go back to sleep, Maria. But the fact is that there are things that measures that we can take with different numbers that we can start right now. There are different approaches that would take a couple of months to put these in place and using procedures that have been approved in the past or approved in the last administration. But we're not planning to pursue those right now because we're very, very confident that this really isn't correct.
>
> **Q:** Kevin, I guess the threat here is, what does this do to any negotiations that are currently pending, right? I mean, you and Scott Bessent have been saying that we're going to see more deals happening. You've already locked up a new deal with the U.K. You were talking about potentially India being close. And, of course, the President has, has put the China 90-day changes in place. Does this ruling from these judges put a crimp in anything that you're working on currently?
>
> **Kevin Hassett:** No, it doesn't at all. And you know, we'll have to get Jamieson out here, who's the trade lawyer, to go through the play-by-play.

Page 2 -    THIRD DECLARATION OF BRIAN SIMMONDS MARSHALL – *Oregon, et al. v. Trump, et al.*

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ATTACHMENT 1, Page 2 of 10
to States' Response to Motion for a Stay
of Enforcement of Judgment Pending Appeal
US CIT No. 1:25-cv-00077-GSK-TMR-JAR

> But if we put our eyes on the horizon, that what's going to happen is that in a month or two, you're going to look ahead and see that countries have opened their markets to American products, they've lowered their non-tariff barriers, they've lowered their tariffs, and all of the countries that have done that are being treated very respectfully and well by the U.S. The countries that don't do that are going to see some form of reciprocal tariff that's higher than what the people who are acting well get. And that's what you're going to see on the horizon. And if there are little hiccups here or there because of decisions that activist judges make, then it shouldn't just concern you at all, and it's certainly not going to affect the negotiations. Because, in the end, people know President Trump is 100% serious, and they also have seen that President Trump always wins.
>
> **Q:** So you, so you said that we're going to see probably more deals—and Scott Bessent, the Treasury secretary, said the same thing—in the coming weeks. Do you still believe that?
>
> **Kevin Hassett:** Yes, I do. Yes, I do. And I saw last week at the end of the week three that were basically ready for the President's decision. I don't know if people have had that conversation with him yet. But yes, there are many, many deals coming and there were three that are basically look like they're done.

4.  On May 29, 2025, before the U.S. Court of Appeals for the Federal Circuit issued its administrative stay of this Court's decision, White House Senior Counselor for Trade and Manufacturing Peter Navarro was interviewed on Bloomberg Television, a recording of which is available by video at https://youtu.be/8DnUddNeVTY?si=4WJyhZCwyarIReoG. The States will conventionally file a copy of this video on hard media and label the file Exhibit O to this declaration.

5.  I personally reviewed Exhibit O to verify that this is an accurate transcription of 1:22–3:50:

> **Peter Navarro:** So we think we have a strong case. Yes, we will immediately appeal and try to stay the ruling. But, at the same time, the court, interestingly enough, basically said we were right, just use different rules and laws. So nothing has really changed here in that sense. We're still, as we speak, having countries call us and tell us they want a deal. So these deals are going to happen. So that's kind of where we're at. And it's troublesome here because if you look broadly at the pattern, we've got

Page 3 -   THIRD DECLARATION OF BRIAN SIMMONDS MARSHALL – *Oregon, et al. v. Trump, et al.*

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ATTACHMENT 1, Page 3 of 10
to States' Response to Motion for a Stay
of Enforcement of Judgment Pending Appeal
US CIT No. 1:25-cv-00077-GSK-TMR-JAR

courts in this country who are basically engaged in attacks on the American people. The President ran on stopping the fentanyl poisoning, stopping international trade unfair practices from stealing our factories and jobs. And courts keep getting in the way of that. The courts get in the way of our trying to deal with the border issues. Now they're getting in the way of our trying to deal with the fentanyl crisis. And that's where we stand here. And I think, I think part of what's going to be important about this ruling -- demonstrates yet again to the American people that the judiciary in this country has been weaponized in ways which are contrary to their interests.

**Q:** Well, Peter, you would have heard a lot of people come on this program and ultimately say you still have tons of options and you've alluded to one of them.

**Peter Navarro:** Yes.

**Q:** You will, of course, appeal. But could you describe what you might do in the interim, the way you might pursue your ultimate objective any way with the tools you have still available to you?

**Peter Navarro:** I'm going to let Jamieson Greer, the USTR, inform you on that and you'll be hearing from him soon on that. But I mean look, any trade lawyer knows it's just a number of different options we can take. If you look at the kind of things we've already done, it kind of give you a roadmap on that. There's all sorts of numbers out there. There's 122, there's 301, there's 232, there's 338. There's all sorts of things we can do well within the law. But look, we think that what we've done already is is perfectly appropriate. So that's why the appeal will take case. …

6. I personally reviewed Exhibit O to verify that this is an accurate transcription of 7:10–9:08:

**Q:** But if the court said, if the ruling said, Peter, and we've been talking about this page 34, 35, they say basically you are in your right if you use Section 122. Why didn't you guys do that from the beginning?

**Peter Navarro:** Well, Section 122 only gives you 150 days. So there's your answer right there.

**Q:** (interrupting) So are Section 122, if you use this now for 150 days (crosstalk), could it be a bridge to 301 or a bridge to 232? What are you thinking more long term?

Page 4 -   THIRD DECLARATION OF BRIAN SIMMONDS MARSHALL – *Oregon, et al. v. Trump, et al.*

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ATTACHMENT 1, Page 4 of 10
to States' Response to Motion for a Stay
of Enforcement of Judgment Pending Appeal
US CIT No. 1:25-cv-00077-GSK-TMR-JAR

> **Peter Navarro:** You can be the strategist on that, but those are the kinds of thoughts. And look, look, if anybody thinks this caught the administration by surprise, think again. Okay. Because you could see in the oral arguments where those judges were going and that the lead judge in this. I mean, the problem with that court, it's so such an obscure court, but it's consistently been globalist, pro-importer, giving us bad rulings. The lead judge there ruled against the 232s originally and had to get overturned by the appeals court. So that gives you an idea of the, the bias against the President's tariff policy right on that court. But I think the big picture here is we've got a very strong case with IEEPA, but the court basically tells us if we lose that we just do some other thing. So nothing's really changed. I want to say this to the world. You're cheating us. We're coming after you. Deal. And let's make this right. Because ultimately what's at stake here is the global international environment -- getting it in a way where it's fair to America and thereby if it's fair to America and we structure this thing in a way we'll have just more stability in terms of financial flows and capital and everything like that.
>
> **Q:** (interrupting) Dr. Navarro.
>
> **Peter Navarro:** It's wildly out of balance now.

7. On May 29, 2025, after the U.S. Court of Appeals for the Federal Circuit issued its administrative stay of this Court's decision, Mr. Navarro spoke to reporters outside at the White House, a recording of which is available by video at https://www.youtube.com/watch?v=JnFplVEpGkI. The States will conventionally file a copy of this video on hard media and label the file Exhibit P to this declaration.

8. I personally reviewed Exhibit P to verify that this is an accurate transcription of 7:03–8:39:

> **Q:** Thank you so much, Peter. And just given this appeals court temporarily reinstating the tariffs, what does that mean for you and your position? And does it buy the administration more time in your view?
>
> **Peter Navarro:** "Me and my?" You're not talking about me personally, you're talking about the Administration?
>
> **Q:** The Administration, of course.

Page 5 -   THIRD DECLARATION OF BRIAN SIMMONDS MARSHALL – *Oregon, et al. v. Trump, et al.*

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ATTACHMENT 1, Page 5 of 10
to States' Response to Motion for a Stay
of Enforcement of Judgment Pending Appeal
US CIT No. 1:25-cv-00077-GSK-TMR-JAR

> **Peter Navarro:** So, look, the the tariff the tariffs remain in place. The court told us—they didn't all but tell us—they they told us go do it another way. So you can assume that even if we lose we will do it another way. And I can assure the American people that the Trump tariff agenda is alive, well, healthy and will be implemented to protect you, to save your jobs and your factories, and to stop shipping foreign wealth -- our wealth into foreign hands.
>
> **Q:** You are working on a plan B right now?
>
> **Peter Navarro:** Of course, there's no plan B. It's plan A. Okay. Plan A encompasses all strategic options. And when we move forward, we had a full view of what the battlefield looks like. We, we are not naive about rogue justices in the judiciary and Democrats filing lawsuits. This has got to stop, by the way. This, this, this weaponization of the judiciary to stop the Trump, President Trump from doing what he promised the American people. This has got to stop. It's, the people of America have the lowest level of of confidence in the American judiciary they've had in a hundred years. And, and it's getting close to what they think about Congress and that's a low bar to hit.

9. I personally reviewed Exhibit P to verify that this is an accurate transcription of 8:59–9:49:

> **Q:** Peter, I want to ask you what do the conversations look like right now with other countries as you're seeing the courts pushing back here in the United States?
>
> **Peter Navarro:** Well, great question. In fact, that is the question in many ways. This morning, we were getting plenty of phone calls from countries saying, "We saw the ruling. So, what? We're going to continue to negotiate in good faith because we understand that there's a problem. And based on that court decision, we understand that that court decision is not going to stop you from doing what you need to do. So, we're going to work with you." So, I can assure you—and by the way there's going to be within the next I don't know say few days because that puts me too much on the spot—but you will see a cascade of new deals coming out in the near future and these will all be good for the American people.

10. On May 30, 2025, the U.S. Trade Representative, Ambassador Jamieson Greer, appeared on CNBC, a recording of which is available by video at

Page 6 -   THIRD DECLARATION OF BRIAN SIMMONDS MARSHALL – *Oregon, et al. v. Trump, et al.*

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ATTACHMENT 1, Page 6 of 10
to States' Response to Motion for a Stay
of Enforcement of Judgment Pending Appeal
US CIT No. 1:25-cv-00077-GSK-TMR-JAR

htttps://www.youtube.com/watch?v=M_crUiRBDb8. The States will conventionally file a copy of this video on hard media and label the file Exhibit Q to this declaration.

11.     I personally reviewed Exhibit Q to verify that this is an accurate transcription of 0:17–2:25:

> **Q:** I guess we'll start with with some of your comments about that -- the rulings yesterday and the prospects for what is likely to happen. I know there's a lot of things that are being discussed right now. Do you think if you were to get emergency relief from the Supreme Court, do you think they'd come down on on the president's side? Do you think you have a strong case, or will it stand the way it is right now?
>
> **Ambassador Greer:** Well, I think we have a very strong case. Congress clearly delegated to the President the ability to take action when there's a national emergency. We've declared a national emergency. We've taken action. We have a stay from the circuit court right now. All the other countries I'm dealing with in negotiations are treating this as just kind of a bump in the road rather than any fundamental change. So, I feel pretty confident about the case. And if the case, you know, goes the other way, we have other tools as well.
>
> **Q:** Yeah, I was -- I've expressed that sentiment earlier that you don't know what you've got until it's gone. I, you know, as a pure conservative and a markets-type guy, tariffs, I think they can be effective. But there's times when you kind of wish that we would just maybe not be doing as many. But then we've we've come along so far, Mr. Ambassador, that to pull the rug out from the negotiating ability by making all these countries we're negotiating with think that the tariffs might not stick, that's frustrating. But you're telling me, again, that none of those countries expressed any -- they weren't saying, all right, we're going to pull out of these negotiations because we don't need to anymore?
>
> **Ambassador Greer:** It's actually the opposite. You know, when I woke up, you know, the morning after the initial ruling—before we had the stay—you know, I had emails and texts from foreign officials saying, you know, we're just going to keep negotiating with you as before. You know, we understand these are, you know, this is litigation. Things go up and down. We understand the U.S. policy going forward. And we're negotiating with you as before. So that's what's happening.

Page 7 -    THIRD DECLARATION OF BRIAN SIMMONDS MARSHALL – *Oregon, et al. v. Trump, et al.*

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ATTACHMENT 1, Page 7 of 10
to States' Response to Motion for a Stay
of Enforcement of Judgment Pending Appeal
US CIT No. 1:25-cv-00077-GSK-TMR-JAR

12. On June 1, 2025, Secretary of Commerce Howard Lutnick was interviewed on Fox News Sunday, a recording of which is available by video at https://youtu.be/t0UtSmEWhbw?si=YvCa5tGe3iGkyoD2. The States will conventionally file a copy of this video on hard media and label the file Exhibit R to this declaration.

13. I personally reviewed Exhibit R to verify that this is an accurate transcription of the interview:

> **Q:** And now back to the uncertain future of President Trump's vast tariffs, and what's next after a flurry of court rulings. Joining me now, Commerce Secretary Howard Lutnick, welcome back to the show.
>
> **Secretary Lutnick:** Great to be back.
>
> **Q:** Okay, so we want to start here with the Court of International Trade. This is a decision that went against the President days ago. They said, "Because of the Constitution's express allocation of the tariff power to Congress … an unlimited delegation of tariff authority [to the President] would constitute an improper abdication of legislative power to another branch of government." Just to boil that down, they said he can't do it, but that decision is on hold for now. What is the backup plan?
>
> **Secretary Lutnick:** Well, think about how silly that is, right? So, Congress gives the President, under this IEEPA authority, the ability to take on other countries who are creating a national emergency, and the $1.2 trillion trade deficit and all the underlying implications of that is a national emergency. It's gutting our manufacturing base. The President takes that on, and Congress lets him do it—specifically, does not vote to take it away, calls a vote and says he can keep it. So, what's going to happen is we're going to take that up to higher courts. The President's going to win, like he always does. But rest assured, tariffs are not going away. He has so many other authorities that even in the weird and unusual circumstance where this was taken away, we just bring on another or another or another. Congress has given this authority to the President, and he's going to use it.
>
> **Q:** Okay. So you know that these two federal courts have so far said the use of that law as emergency power is not proper, it is on appeal. So we'll see what they—potentially Supreme Court—has to say about it. But in the meantime, it sparks this question about whether, if other countries think that our court system is potentially going to shut down these bigger, more

Page 8 -   THIRD DECLARATION OF BRIAN SIMMONDS MARSHALL – *Oregon, et al. v. Trump, et al.*

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ATTACHMENT 1, Page 8 of 10
to States' Response to Motion for a Stay
of Enforcement of Judgment Pending Appeal
US CIT No. 1:25-cv-00077-GSK-TMR-JAR

sweeping tariffs, you're losing some kind of advantage in negotiations. Reuters quotes an E.U. official saying this. Quote, the uncertainty as to the legality of the reciprocal tariffs certainly gives us meaning them extra leverage. Here is how Jonathan Turley put it.

> **Jonathan Turley:** Trump has been saying, you know, using these tariffs like a gun to the head of these other countries, and the court just removed the bullets.

**Q:** So, have you lost leverage? And where are we on the talks with the EU?

**Secretary Lutnick:** All right, so the President said he was going to put a 50% tariff on the EU, and as I said, not only does he have this authority under IEEPA, but he has many, many other authorities. The European Union sent in—after this—their first offer. So they are at the table. They are negotiating. You can't listen to silly people making silly comments. All of the countries that are negotiating with us understand the power of Donald Trump and his ability to protect the American worker. And so what they're doing is they're negotiating with us. I think it cost us a week—maybe cost us a week—but then everybody came right back to the table. Everybody is talking to us. You're going to see over the next couple of weeks, really first-class deals for the American worker, opening their markets and setting on tariffs to make sure that we are treated fairly around the world.

**Q:** Well, I know you and Secretary Bessent are talking to a lot of these countries trying to get those deals across the finish line. He has said talks with China are stalled. What's the latest?

**Secretary Lutnick:** Well, I think, what happened is Secretary Bessent and Ambassador Greer went to Geneva, they made a deal with the Chinese. And really the right way to say it is they're just slow rolling the deal. So, I think slow rolling is the right way to say it, and I think Donald Trump is on it. We are taking certain actions to show them what it feels like on the other side of that equation. But my view is Donald Trump and President Xi—you know, our President understands what to do. He's going to go work it out and, and I am confident that this is going to work out either way. The President understands the power of our economy. He said it over and over again: we are the consumer of the world. We are the consumer of Chinese goods. If we don't open our markets to them, their economy is in really, really tough shape. So I think -- I love having all of this power in the President's hands. He knows how to wield it correctly for the benefit of the American worker.

Page 9 -   THIRD DECLARATION OF BRIAN SIMMONDS MARSHALL – *Oregon, et al. v. Trump, et al.*

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ATTACHMENT 1, Page 9 of 10
to States' Response to Motion for a Stay
of Enforcement of Judgment Pending Appeal
US CIT No. 1:25-cv-00077-GSK-TMR-JAR

**Q:** Okay, quickly, because we got to go, the 90-day pause on the major tariffs is due to expire at the beginning of July. You get a lot of deals to get done. Will the President extend that pause?

**Secretary Lutnick:** I think we're going to get a lot, a lot of deals done. I think they're all being set up. We could sign lots of deals now, but I think we're trying to make them better and better and better. And, as the President said, or he'll just set rates and he'll set the terms of the deal. So I don't see today that an extension is coming. In fact, I think that's the deadline and the President's just going to determine what rates people have. If they can't get a deal done, President Trump is going to determine what deal there's going to be.

**Q:** Okay, Secretary Lutnick, great to see you. Thanks for your time.

**Secretary Lutnick:** Great to be here.

**I declare under penalty of perjury that the foregoing is true and correct.**

EXECUTED on June 2, 2025, in Portland, Oregon.

*s/ Brian Simmonds Marshall*
BRIAN SIMMONDS MARSHALL
Senior Assistant Attorney General

Page 10 -   THIRD DECLARATION OF BRIAN SIMMONDS MARSHALL – *Oregon, et al. v. Trump, et al.*

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ATTACHMENT 1, Page 10 of 10
to States' Response to Motion for a Stay
of Enforcement of Judgment Pending Appeal
US CIT No. 1:25-cv-00077-GSK-TMR-JAR