UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| V.O.S. SELECTIONS, INC.; PLASTIC SERVICES AND PRODUCTS, LLC d/b/a GENOVA PIPE; MICROKITS, LLC; FISHUSA INC.; and TERRY PRECISION CYCLING LLC;<br><br>       Plaintiffs,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; PETE R. FLORES in his official capacity as Acting Commissioner for United States Customs and Border Protection; JAMIESON GREER, in his official capacity as United States Trade Representative; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; and HOWARD LUTNICK, in his official capacity as Secretary of Commerce;<br><br>       Defendants. | Before: Gary S. Katzmann, Judge<br>       Timothy M. Reif, Judge<br>       Jane A. Restani, Judge<br><br>Court No. 25-00066 |
| THE STATE OF OREGON; THE STATE OF ARIZONA; THE STATE OF COLORADO; THE STATE OF CONNECTICUT; THE STATE OF DELAWARE; THE STATE OF ILLINOIS, THE STATE OF MAINE; THE STATE OF MINNESOTA; THE STATE OF NEVADA; THE STATE OF NEW MEXICO; THE STATE OF NEW YORK; and THE STATE OF VERMONT;<br><br>       Plaintiffs,<br><br>  v. | Before: Gary S. Katzmann, Judge<br>       Timothy M. Reif, Judge<br>       Jane A. Restani, Judge<br><br>Court No. 25-00077 |

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; U.S. CUSTOMS AND BORDER PROTECTION; PETE R. FLORES in his official capacity as Acting Commissioner for United States Customs and Border Protection; and THE UNITED STATES OF AMERICA;**

        **Defendants.**

# ORDER

On May 28, the court entered summary judgment against the United States and issued both declaratory and permanent injunctive relief in V.O.S. Selections, Inc. v. United States, Slip Op. 25-66 (May 28, 2025) (per curiam).[1] This relief included an injunction against the operation of the challenged Tariff Orders and all amendments and modifications thereto. The injunction issued on account of Plaintiffs' success on the merits and the unavailability under the Uniformity Clause of a complete legal remedy in the form of piecemeal duty refunds to specific plaintiffs. Intrinsic to this exercise of equitable discretion was the compelling public interest in "ensuring that governmental bodies comply with the law," Am. Signature, Inc. v. United States, 598 F.3d 816, 830 (Fed. Cir. 2010), and the lack of any cognizable hardship borne by the United States in the form of its non-enforcement of orders issued ultra vires. The court's issuance of injunctive relief did not depend on the wisdom or policy consequences of such non-enforcement. The principle at work was more straightforward: "[I]njunctive relief is generally available to preclude ultra vires conduct by subordinate executive officials." Kemet Elecs. Corp. v. Barshefsky, 21 CIT 912, 925,

---

[1] As the court explained in its combined opinion, the court also granted summary judgment against the United States in Oregon v. U.S. Dep't of Homeland Security, Case No. 25-00077.

976 F. Supp. 1012, 1024 (1997) (citing Soucie v. David, 448 F.2d 1067, 1072 n.12 (D.C. Cir. 1971)); see also Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579 (1952).

The court has exclusive jurisdiction to hear this action because the challenged Tariff Orders are "law[s] of the United States providing for" tariffs. 28 U.S.C. § 1581(i)(1). "[L]aw" is a broader term than "statutes." To the extent the challenged Tariff Orders bind Customs to collect duties at the rates they prescribe, they are laws of the United States. See Old Dominion Branch No. 496, Nat. Ass'n of Letter Carriers, AFL-CIO v. Austin, 418 U.S. 264, 273 (1974) (holding for Supremacy-Clause purposes that "the relevant federal law is Executive Order No. 11491 rather than the [National Labor Relations Act]."). The challenged Tariff Orders also effect changes to the Harmonized Tariff Schedule of the United States ("HTSUS"). See, e.g., Executive Order 14257, 90 Fed. Reg. 15041, 15047 (Apr. 2, 2025) ("In order to establish the duty rates described in this order, the HTSUS is modified as set forth in the Annexes to this order."). This means the Orders are "law[s]" in the additional sense that they modify a statute: The HTSUS "shall be considered to be statutory provisions of law for all purposes." 19 U.S.C. § 3004(c)(1).

This jurisdictional conclusion does not hinge on whether IEEPA authorizes tariffs as a categorical matter—a question this court did not reach in its opinion on May 28.[2] Nor is it material

---

[2] If jurisdiction followed the merits in this way, the Court of International Trade would have exclusive jurisdiction to hear only unsuccessful claims of ultra vires presidential tariff orders, with successful claims left to the federal district courts (or to no court at all). That would accomplish the opposite of "remedy[ing] the confusion over the division of jurisdiction between . . . the Court of International Trade . . . and the district courts and . . . ensur[ing] uniformity in the judicial decisionmaking process." K Mart Corp. v. Cartier, Inc., 485 U.S. 176, 188 (1988) (internal quotation marks, citation, and parenthesis omitted); see also Conoco, Inc. v. U.S. Foreign-Trade Zones Bd., 18 F.3d 1581, 1586 (Fed. Cir. 1994) ("Congress had in mind consolidating this area of administrative law in one place, and giving to the Court of International Trade, with an already developed expertise in international trade and tariff matters, the opportunity to bring to it a degree of uniformity and consistency. Obviously that would not be possible if jurisdiction were spread

Court Nos. 25-00066 & 25-00077                                                                                          Page 4

that some non-tariff-related litigation involving IEEPA takes place in the federal district courts. "The district courts and the Court of International Trade can both have jurisdiction over actions arising out of the same act . . . ." Orleans Int'l, Inc. v. United States, 334 F.3d 1375, 1379 (Fed. Cir. 2003) (USCIT has exclusive jurisdiction over import assessment related to the Beef Promotion and Research Act of 1985).

The Government now moves to stay the court's enforcement of its judgment pending appeal of that judgment to the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit"). See V.O.S. Mot. to Stay, May 28, 2025, ECF No. 59; Oregon Mot. to Stay, May 28, 2025, ECF No. 69 (collectively "USCIT Motions to Stay"). The Government has also moved for the same relief from the Federal Circuit, which on May 29 issued an administrative stay of this court's judgment pending consideration of the appellate motion to stay. See Order, No. 2025-1812 (Fed. Cir. May 29, 2025) (per curiam). Plaintiffs in both V.O.S. and Oregon oppose the Government's motions. See Pls.' V.O.S. Resp. to Mot. to Stay, June 2, 2025, ECF No. 62; Pls.' Oregon Resp. to Mot. to Stay, June 2, 2025, ECF No. 72.

Ultimately, the Federal Circuit's impending consideration of the motion to stay before it makes it unnecessary for this court to rule on the USCIT Motions to Stay. The two motions seek identical relief; the Federal Circuit's ruling will control. At the very least, the court cannot determine whether the Government "will be irreparably injured absent a stay" while (1) this court's denial of a stay (if ordered) would leave in place the temporary administrative stay issued by the Federal Circuit and (2) this court's denial of a stay could be immediately superseded by the Federal Circuit's imposition of one. Nken v. Holder, 556 U.S. 418, 426 (2009). It is accordingly

---

among the district courts throughout the land.").

**ORDERED** that the USCIT Motions to Stay are **HELD IN ABEYANCE** pending the Federal Circuit's consideration of the Government's motion to stay this court's judgment pending appeal.

<u>By the panel.</u>

Dated: <u>June 3, 2025</u>
       New York, New York